IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00869-ZLW

TAMI S. BUTKOVICH,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,
DENVER WOMEN'S CORRECTIONAL FACILITY,
THERAPUTIC COMMUNITY PROGRAM, and
BRENDA NOBLE/JAGRUTI RAI,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
COLORADO

AUG 2 2 2006

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

Plaintiff Tami S. Butkovich has filed *pro se* on August 15, 2006, a "Motion to Reinstate Dismissal of Civil Rights Violation Lawsuit." Ms. Butkovich asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on June 21, 2006. The Court must construe the motion liberally because Ms. Butkovich is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final

judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243. Ms. Butkovich's motion to reconsider in this action, which was filed more than ten days after the Court's June 21, 2006, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Ms. Butkovich failed to submit a certified copy of her inmate trust fund account statement in support of her motion seeking leave to proceed *in forma pauperis* as she had been directed. Ms. Butkovich alleges in the motion to reconsider that she has attached a motion seeking leave to proceed *in forma pauperis*, a certified account statement, and copies of the requests she made to obtain the certified account statement. However, none of these documents are attached to the motion to reconsider.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Ms. Butkovich fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to vacate the order of dismissal in this action. Even if Ms. Butkovich had submitted a certified copy of her inmate trust fund account statement with her motion to reconsider, she still fails to explain her failure to submit an account statement when she was directed to do so before this action was dismissed. Therefore, the motion to reconsider will be denied. Ms. Butkovich is reminded that, because the Court dismissed the action without prejudice, she may pursue her claims by filing a new action if she chooses. Accordingly, it is

ORDERED that the "Motion to Reinstate Dismissal of Civil Rights Violation Lawsuit" filed on August 15, 2006, is denied.

DATED at Denver, Colorado, this 21 day of Aug., 2006.

BY THE COURT:

*Zita L. Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00869-BNB

Tami S. Butkovich
Prisoner No. 124968
DWCF – Unit 3
PO Box 392005
Denver, CO 80239

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/22/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk